Michael S. Davis
Anthony I. Giacobbe, Jr.
ZEICHNER ELLMAN & KRAUSE LLP
1211 Avenue of the Americas, 40th Floor
New York, New York  10036
(212) 223-0400
mdavis@zeklaw.com
agiacobbe@zeklaw.com

*Attorneys for Petitioners*

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| NATIONAL UNION FIRE INSURANCE COMPANY OF PITTSBURGH, PA., AMERICAN HOME ASSURANCE COMPANY, THE INSURANCE COMPANY OF THE STATE OF PENNSYLVANIA,<br><br>         Petitioners,<br><br>    - against -<br><br>BMC STOCK HOLDINGS, INC.,<br><br>         Respondent. | Case No.: 1:18-cv-05777-RJS |

## REPLY MEMORANDUM OF LAW IN FURTHER SUPPORT OF PETITIONERS' MOTION TO COMPEL ARBITRATION

**ZEICHNER ELLMAN & KRAUSE LLP**
1211 Avenue of the Americas
New York, New York 10036
Telephone: (212) 223-0400

## TABLE OF CONTENTS

TABLE OF AUTHORITIES .................................................................................................... ii

PRELIMINARY STATEMENT ...............................................................................................1

ARGUMENT .............................................................................................................................2

I. THE "ARBITRATOR JURISDICTION" CLAUSE REQUIRES THAT ARBITRABILITY BE REFERRED TO THE ARBITRATORS .........................2

II. THE BROAD ARBITRATION PROVISIONS IN THE PAYMENT AGREEMENT APPLY TO THIS DISPUTE .......................................................4

III. BMC'S RELIANCE ON THE DEFENSE OF NON-COVERAGE IS INAPPLICABLE TO THE ISSUE OF ARBITRABILITY ................................5

IV. BMC'S ATTEMPT TO DISTINGUISH *RAYTHEON* FAILS ............................8

CONCLUSION ..........................................................................................................................9

# TABLE OF AUTHORITIES

**Cases**  Page(s)

*Aloha Petroleum, Ltd. v. Nat'l Union Fire Ins. Co. of Pittsburgh, PA*,
   25 F.Supp.3d 1305 (D. Hawaii 2014) .................................................................. 7

*Alticor, Inc. v. Nat'l Union Fire Ins. Co. of Pittsburgh, PA*,
   411 F.3d 669 (6th Cir. 2005) .............................................................................. 7

*Battaglia v. McKendry*,
   233 F.3d. 720 (3d. Cir. 2000) ............................................................................. 5

*Contec Corp. v. Remote Solution, Co.*,
   398 F.3d 205 (2d Cir. 2005)) ............................................................................. 3

*Dean Witter Reynolds, Inc. v. Byrd*,
   470 U.S. 213, (1985) .......................................................................................... 8

*Fleet Bank, N.A. v. Burke*,
   160 F.3d 883 (2d. Cir. 1998) .............................................................................. 7

*Gwathmey Siegel Kaufman & Assocs. Architects LLC v. Rales*,
   518 Fed. Appx. 20 (2d. Cir. 2013) ..................................................................... 3

*Louisville & Nashville R. Co. v. Motley*,
   211 U.S. 149 (1908) ........................................................................................... 7

*Matter of Monarch Consulting, Inc. v. National Union Fire Ins. Co. of Pittsburgh, Pa*,
   26 N.Y.3d 659 (2016) ........................................................................................ 4

*Mohammed v. Uber Technologies, Inc.*,
   848 F.3d 1201 (9th Cir. 2016) ........................................................................... 3

*Moses H. Cone Memorial Hosp. v. Mercury Constr. Corp.*,
   460 U.S. 1 (1983) ............................................................................................... 8

*Nat'l Union Fire Ins. Co. of Pittsburgh, PA v. Champps Entm't, Inc.*,
   No. 04-6163, 2004 WL 2884304 (S.D.N.Y. Dec. 14, 2004) ............................. 5

*Nat'l Union Fire Ins. Co. of Pittsburgh, PA v. Las Vegas Professional Football L.P.*
   No. 09-7490, 2009 WL 4059174 (S.D.N.Y. Nov. 17, 2009) ............................ 5

*Raytheon Company v. National Union Fire Insurance Company of Pittsburgh, Pa.*
   306 F.Supp.2d 346 (S.D.N.Y. 2004) ...................................................... 2, 6, 9, 10

*Rent-A-Center, West, Inc. v. Jackson,*
    561 U.S. 63, 130 S. Ct. 2772 (2010) ................................................................... 1, 3, 4

*Shearson/American Express v. McMahon,*
    482 U.S. 220 (1987) ........................................................................................... 8

*UMG Recordings, Inc. v. Am. Home Assur. Co.,*
    378 Fed. Appx. 766 (9th Cir. 2010) .................................................................... 7

Petitioners National Union Fire Insurance Company of Pittsburgh, Pa., American Home Assurance Company and The Insurance Company of the State of Pennsylvania (collectively, "National Union") respectfully submit this reply memorandum in further support of its motion to compel arbitration of a dispute with Respondent BMC Stock Holdings, Inc. ("BMC"), as successor by merger to insured Building Materials Holding Corporation ("BMHC").

## PRELIMINARY STATEMENT

BMC asks this Court to make two rulings. First, BMC asks the Court to disregard controlling precedent that holds "parties to an agreement may provide that arbitrators will decide questions of arbitrability." Rent-A-Center, West, Inc. v. Jackson, 561 U.S. 63, 72, 130 S. Ct. 2772, 2781 (2010) ("Rent-A-Center"). BMC asks this Court to decide arbitrability even though the controlling agreement provides that the arbitrators have "exclusive jurisdiction over the entire matter in dispute including any question as to its arbitrability."

Second, BMC asks the Court to find that National Union's reimbursement claim is not arbitrable because BMC contemplates a defense to the claim that it contends is not subject to arbitration. National Union submits that the provision that arbitrators "will have exclusive jurisdiction over the entire matter in dispute" requires arbitration of the entire dispute, including any defense.

To avoid the broad arbitration provisions, BMC mischaracterizes this dispute as one concerning coverage under certain insurance policies pursuant to which National Union has defended and continues to defend claims asserted by Additional Insureds.[1]  BMC's only connection to the coverage for these Additional Insureds, however, is its obligation to reimburse National Union for deductible retention amounts, which is simply a payment obligation governed by the Payment Agreement.  BMC is not seeking coverage for itself, and, but for its reimbursement obligations, BMC would have no standing to challenge coverage provided to these Additional Insureds.  Because BMC's only basis for standing to oppose coverage for Additional Insureds is its contractual obligation to reimburse National Union, BMC's dispute is entirely a payment dispute subject to arbitration.

BMC also asks this Court to disregard the persuasive reasoning of Raytheon Company v. National Union Fire Insurance Company of Pittsburgh, Pa., 306 F.Supp.2d 346 (S.D.N.Y. 2004) ("Raytheon"), and other decisions from this Court, where this Court ordered arbitration of similar disputes under similar circumstances.  In a vain attempt to distinguish Raytheon, BMC strains to argue that the facts and contractual language at issue in Raytheon are not identical to this matter. However, just like this matter, Raytheon involved actions filed in two different courts where this Court took jurisdiction and rejected the very same argument BMC makes here – the assertion

---

[1] Capitalized terms used herein have the same meaning as in National Union's memorandum of law in support of its petition to compel arbitration.

that the dispute should be deemed to be about coverage rather than reimbursement – and ordered the dispute, including the threshold issue of arbitrability, into arbitration.

**ARGUMENT**

I. **THE "ARBITRATOR JURISDICTION" CLAUSE REQUIRES THAT ARBITRABILITY BE REFERRED TO THE ARBITRATORS**

The broad arbitration provisions at issue in this case provides that arbitrators have "exclusive jurisdiction over the entire matter in dispute, including any question as to its arbitrability." (the "Arbitration Jurisdiction" clause) Petition, Exhibit A, A 0009. BMC asks this Court to disregard both this language and controlling precedent that "parties to an agreement may provide that arbitrators will decide questions of arbitrability," Rent-A-Center, supra, 561 U.S. at 72, based on its contention that this dispute pertains solely to "coverage."

Courts routinely and consistently enforce arbitration agreements where the parties agreed to delegate the issue of arbitrability to the arbitrators. Gwathmey Siegel Kaufman & Assocs. Architects LLC v. Rales, 518 Fed. Appx. 20, 21 (2d. Cir. 2013) ("[W]hen, as here, parties explicitly incorporate rules that empower an arbitrator to decide issues of arbitrability, the incorporation serves as clear and unmistakable evidence of the parties' intent to delegate such issues to an arbitrator," citing Contec Corp. v. Remote Solution, Co., 398 F.3d 205, 208 (2d Cir. 2005)); Mohammed v. Uber Technologies, Inc., 848 F.3d 1201, 1208-1211 (9th Cir. 2016) ("In accordance with Supreme Court precedent, we are required to enforce these agreements 'according to

3

their terms' and, in the absence of some other generally applicable contract defense, such as fraud, duress, or unconscionability, let an arbitrator determine arbitrability as to all but the claims specifically exempted by the 2013 Agreement," citing Rent-A-Center, supra, 561 U.S. at 67). In fact, the New York Court of Appeals recently upheld the same Arbitrator Jurisdiction clause, in the same form of agreement at issue in this case. Matter of Monarch Consulting, Inc. v. National Union Fire Ins. Co. of Pittsburgh, Pa, 26 N.Y.3d 659 (2016).

## II.  THE BROAD ARBITRATION PROVISIONS IN THE PAYMENT AGREEMENT APPLY TO THIS DISPUTE

While the Court need not do so, in the event this Court considers arbitrability, three applicable arbitration provisions taken together constitute a very broad arbitration agreement that covers the "entire matter in dispute." As set out in National Union's original Memorandum in Support of this Motion (pp. 3-4), the first governing provision is that the parties should arbitrate any disagreement "about any amount of Your Payment Obligation." Second, the agreement requires arbitration of "[a]ny other unresolved dispute arising out of this agreement." Third, the agreement includes an over-arching provision that the arbitrators "will have exclusive jurisdiction over the entire matter in dispute, including any question as to its arbitrability" (emphasis added). Thus, whether the dispute is classified as a payment dispute (which it plainly is), or as a dispute arising from an anticipated defense to the payment dispute based on a challenge to coverage (as BMC contends), the dispute is subject to arbitration under

these broad provisions, which should be read together, and which covers the "entire matter in dispute."

BMC attempts to read these provisions narrowly and separately due to the phrase "arising out of" in the "any other unresolved dispute" provision. This interpretation ignores the over-arching phrase "entire matter in dispute" in the third governing provision. Moreover, BMC's attempt to read "arising out of" narrowly is simply wrong. Courts in this district have not hesitated to classify the clause as broad, resolve any doubts as to arbitrability in favor of arbitration, and order the dispute to arbitration. See, e.g., Nat'l Union Fire Ins. Co. of Pittsburgh, PA v. Las Vegas Professional Football L.P., No. 09-7490, 2009 WL 4059174 (S.D.N.Y. Nov. 17, 2009) (holding that National Union's "arising out of" arbitration clause is "broad"; granting National Union's motion to compel arbitration); Nat'l Union Fire Ins. Co. of Pittsburgh, PA v. Champps Entm't, Inc., No. 04-6163, 2004 WL 2884304 (S.D.N.Y. Dec. 14, 2004) (compelling arbitration of all disputes). Accord, Battaglia v. McKendry, 233 F.3d 720, 727 (3d. Cir. 2000) ("when phrases such as 'arising under' and 'arising out of' appear in arbitration provisions, they are normally given broad construction and are generally construed to encompass claims going to the formation of the underlying agreements").

Thus, to the extent the Court considers arbitrability, National Union submits that these three broad provisions read together, resolve the matter, and that

these provisions compel arbitration of the instant dispute, regardless of whose characterization is adopted.

### III. BMC'S CHARACTERIZATION OF THIS DISPUTE AS A COVERAGE DISPUTE IS INAPPLICABLE TO THE ISSUE OF ARBITRABILITY

As stated above, given the phrase "entire matter in dispute," BMC's characterization of its defense to its reimbursement obligation as a "coverage" dispute should not alter the outcome. Notably the Court in Raytheon squarely considered and rejected the very same argument BMC asserts here. As cited in National Union memorandum of law (p. 12), Judge Scheindlin explained:

> The broad arbitration clause is limited only by the requirement that the dispute arise out of the Payment Agreement or any related transaction. Raytheon argues that the instant dispute concerning claims under the Master Policy does not fall within the arbitration clause, as it relates to *coverage* under insurance policies issued by National Union, rather than Raytheon's *payment* obligations under the Payment Agreement. National Union, however, points out that "this dispute is a reimbursement dispute, [which] is at the heart of what the Payment Agreement is all about." This is a classic question of the arbitrability of the issues raised in the Demand for Arbitration. Here, that question must be resolved by the arbitrators.

Raytheon, 306 F.Supp.2d 356-57. (Emphasis added.)  The same rationale applies here, and for the very same reason, BMC's assertion should be rejected.

National Union has demanded reimbursement under the Payment Agreement for payments it made on account of claims asserted by Additional Insureds

(not by BMC). BMC's defense to this demand for reimbursement is its contention that National Union should not have provided coverage to these Additional Insureds. Thus, the purported "coverage" issue is simply a defense to a reimbursement claim --a defense to be argued in arbitration.[2]

Further, BMC's contention that its defense of non-coverage is non-arbitrable relies on three entirely distinguishable cases. In each of these cases, the party seeking a ruling as to coverage was the party directly seeking the benefit of that coverage. Aloha Petroleum, Ltd. v. Nat'l Union Fire Ins. Co. of Pittsburgh, PA, 25 F.Supp.3d 1305 (D. Hawaii 2014) (dispute with insured Aloha, which was both the party obligated to pay under the Payment Agreement and the party seeking coverage when sued in a lawsuit.); Alticor, Inc. v. Nat'l Union Fire Ins. Co. of Pittsburgh, PA, 411 F.3d 669 (6th Cir. 2005) (dispute with insured Alticor, whose coverage was at issue, regarding whether the underlying claim was deemed as one occurrence under the governing policy or three different occurrences); UMG Recordings, Inc. v. Am. Home Assur. Co., 378 Fed. Appx. 766 (9th Cir. 2010) (dispute with insured UMG regarding UMG's coverage).

---

[2] National Union submits by analogy that just as the "well-pleaded complaint rule" disregards anticipated defenses in assessing federal question jurisdiction, the same principle may reasonably apply here. Louisville & Nashville R. Co. v. Motley, 211 U.S. 149 (1908); Fleet Bank, N.A. v. Burke, 160 F.3d 883 (2d. Cir. 1998) (holding that the "well–pleaded complaint rule" determines federal question jurisdiction based upon the claim asserted, and not based on anticipated defenses). Based on this principle, the Court ought to disregard an anticipated defense in deciding arbitrability. That certainly is a fair reading of the governing phrase "entire matter in dispute."

Here, BMC turns these cases on their head, asking a court to rule that *third parties* should *not* have been provided coverage. The only reason BMC has standing to seek such a determination is due to its reimbursement obligation, which is clearly arbitrable under the Payment Agreement.

In relying on this "lack of coverage" defense, BMC contends that the Payment Agreement and the underlying policies are unrelated. However, this contention disregards provisions in both agreements to the contrary. First, the Payment Agreement provides that "this Agreement will also apply to any *Policies* and *Schedules* that we may issue as renewals, revisions, replacements or additions to the attached *Schedule* and the *Policies* listed there." Petition, Exhibit A, A 0003 (emphasis added). Second, the policies include a Large Risk Rating Plan ("LRRP") Endorsement (See, e.g., Opposition, Exhibit A, pp. 67-81) that sets out BMHC's obligations to reimburse National Union. The LRRP specifies that payments will be "payable in its entirety promptly unless otherwise specified in a premium finance agreement between you and us." The Payment Agreement is this "premium finance agreement." Id.

Further, if the difference between the parties' positions is merely a characterization of the dispute (i.e., a "coverage dispute" vs. a "reimbursement dispute"), then the presumption in favor of arbitration should control. Moses H. Cone Memorial Hosp. v. Mercury Constr. Corp., 460 U.S. 1, 24-25 (1983). ("... any doubts concerning the scope of arbitrable issues should be resolved in favor of arbitration . . .")

Shearson/American Express v. McMahon, 482 U.S. 220, 226-27 (1987); Dean Witter Reynolds, Inc. v. Byrd, 470 U.S. 213, 220, (1985).

## IV. BMC'S ATTEMPT TO DISTINGUISH *RAYTHEON* FAILS

BMC attempts vainly to distinguish the persuasive decision in Raytheon, supra. BMC asserts, for example, that the arbitration agreement in Raytheon contained broader language than the clause at issue in this case. However, as shown above, the Arbitration Jurisdiction clause here covering the "entire matter in dispute" is as broad or broader than the Raytheon clause.

Moreover, the breadth of the arbitration clause was not the basis for the Raytheon court's holding. Rather, Raytheon relied upon the provision that "the arbitrators . . . will have exclusive jurisdiction over the entire matter in dispute, including any question as to its arbitrability." Id. at 356, (emphasis added). The agreement in this case has the identical Arbitration Jurisdiction clause. Petition, Exhibit A, A 0009 ("the arbitrators shall have exclusive jurisdiction over the entire matter in dispute, including any question as to its arbitrability.").

BMC also seeks to distinguish the Raytheon court's undertaking to decide the matter, despite there being a prior action in Massachusetts. Here the facts requiring this Court to undertake jurisdiction are even more compelling. The relevant consideration here is the unambiguous provision that: ". . . any action or proceeding concerning arbitrability, including motions to compel or stay arbitration, may be

brought only in a court of competent jurisdiction in the City, County and State of New York." (Petition, Exhibit A, A 0031).  To the extent there is a judicial role concerning arbitrability, that role belongs here.  A similar forum clause did not exist in the Raytheon case, but Judge Scheindlin, nonetheless, took jurisdiction and ordered arbitration despite the first-filed action in another court.

## CONCLUSION

National Union respectfully requests that the Court compel respondent BMC to arbitrate its dispute with National Union, and that the issue of arbitrability be referred to the arbitrators.

Dated:   New York, New York
         August 13, 2018

                                            ZEICHNER ELLMAN & KRAUSE LLP

                                            By: /s/ *[signature]*
                                               Michael S. Davis
                                               Anthony I. Giacobbe, Jr.
                                               *Attorneys for Petitioners*
                                               1211 Avenue of the Americas
                                               New York, New York 10036
                                               (212) 223-0400
                                               mdavis@zeklaw.com
                                               agiacobbe@zeklaw.com